**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-27040-RAR**

**ALEXIS MENDEZ GONZALEZ**,

Petitioner,

v.

**WARDEN OF KROME NORTH**
**SERVICE PROCESSING CENTER**, *et al.*,

Respondents.
_______________________________________/

**ORDER**

**THIS CAUSE** comes before the Court *sua sponte*. Petitioner Alexis Mendez Gonzalez filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), [ECF No. 1], challenging the constitutionality of his detention in the custody of U.S. Immigration and Customs Enforcement. *See id*. at 1. After careful consideration, the Court finds it cannot proceed with the Petition until Petitioner corrects the following two procedural deficiencies.

*First*, the Petition was signed by Raquel Mendez Gonzalez, not the Petitioner. Under 28 U.S.C. § 2242, an application for a writ of habeas corpus must be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *Id.* A person signing a habeas petition on another's behalf must establish that she qualifies for "next friend status." *See Ford v. Haley*, 195 F.3d 603, 624 (11th Cir. 1999) (citation omitted). Otherwise, the Court lacks jurisdiction to consider the Petition. *See Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 622 (11th Cir. 2007) (citation omitted).

A court cannot automatically grant "next friend" status. *See Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990). Instead, the person seeking next friend status must (1) "show some

relationship or other evidence that demonstrates the next friend is truly dedicated to the interests of the real party in interest"; and (2) explain why the person on whose behalf the petition is filed cannot appear on his own behalf—due to inaccessibility, mental incompetence, or another disability. *Ford*, 195 F.3d at 624 (citation omitted); *see also Whitmore*, 495 U.S. at 163–64 (citations omitted). Ultimately, "the burden is 'on the next friend' to clearly establish . . . his status and thereby justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164 (alterations added; citation omitted).

Although Raquel Mendez Gonzalez signed the Petition, she neither indicates that she intended to act as Petitioner's next friend nor establishes that she qualifies for next-friend status. *See generally* Pet. The Court will therefore direct the Clerk to send Petitioner a copy of the Court's form for § 2241 petitions, which Petitioner must complete and sign under penalty of perjury before his Amended Petition can proceed. Alternatively, the Amended Petition must clarify whether Raquel Mendez Gonzalez is seeking to proceed as Petitioner's next friend. If she is, the Amended Petition must establish that she qualifies for next-friend status. *See Whitmore*, 495 U.S. at 164.

*Second*, Petitioner must pay the Clerk's filing fee of $5.00 *or*, in the alternative, file a legally sufficient motion to proceed *in forma pauperis* that complies with the requirements of Rule 3(a)(2) of the Rules Governing § 2254 Cases. The Court's filing fee for a writ of habeas corpus is $5.00. *See* 28 U.S.C. § 1914(a). If a litigant cannot afford to pay a filing fee, he or she may apply to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1)–(2). A petitioner who wishes to proceed *in forma pauperis* in a § 2241 action must file "a motion for leave to proceed *in forma pauperis*, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." Rule 3(a)(2), Rules Governing Section 2254 Cases; *see also*

*id.* at 1(b) ("The district court may apply [the Rules Governing Section 2254 Cases] to a [§ 2241] habeas corpus petition[.]" (cleaned up)).

Although a *pro se* pleading must be construed liberally, *see Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017), a *pro se* litigant must still conform with procedural rules, *see Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Here, Petitioner has not paid the filing fee, filed a motion to proceed *in forma pauperis*, or requested additional time to do so. *See generally* Dkt. The Court cannot proceed with the Petition until Petitioner has resolved the filing-fee issue.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Given Petitioner's *pro se* status, the Court will afford Petitioner an opportunity to amend his Petition. Petitioner is hereby ordered to file a concise habeas petition on the proper form, which shall be due in this Court no later than **October 21, 2026**. Consistent with the purposes of FED. R. CIV. P. 8, the Amended Petition and any incorporated memorandum of law shall not exceed **twenty (20) pages** in length. Petitioner must set forth each ground for relief with sufficient supporting facts, and he is encouraged to raise only his best claims—rather than all possible claims—so that he can meet these requirements. *Cf. Jones v. Barnes*, 463 U.S. 745, 753 (1983) ("A brief that raises every colorable issue runs the risk of burying good arguments[.]"). Title pages preceding the first page of text, signature pages, certificates of good faith conferences, and certificates of service shall not be counted as pages towards the page limitation. *See generally* S.D. FLA. L. R. 7.1(c)(2). Additionally, Petitioner should be aware that all typewritten documents, except for quoted material of fifty words or more and footnotes, shall not have less than one and one-half (1 ½) spaces between lines. Fonts may not be smaller than twelve (12) point. *See* S.D. FLA. L. R. 5.1(a)(4).

2. If Petitioner seeks to have Raquel Mendez Gonzalez or any other person file the Amended Petition on his behalf as a next friend, that person must sign and verify the Amended Petition and establish next-friend status consistent with the requirements set forth in this Order. Otherwise, Petitioner must personally sign and verify the Amended Petition under penalty of perjury.

3. The Clerk is **INSTRUCTED** to send Petitioner the Court's approved form for § 2241 petitions. In amending his petition, Petitioner should completely fill out the provided form, marking it "Amended Petition," and include the case number above to ensure that it is filed in this case. The Amended Petition will be the operative pleading in this case, meaning only the claims presented in the Amended Petition will be considered by the Court, and Petitioner must refrain from incorporating by reference any prior filed pleadings or arguments. Petitioner is further advised that his Amended Petition must be timely filed, and his failure to do so will result in dismissal of his action for failure to prosecute or failure to comply with court orders. *See* FED. R. CIV. P. 41(b). To ensure timely submission, Petitioner should provide his Amended Petition to authorities for mailing with sufficient time for the document to reach this Court before the due date referenced above.

4. Petitioner is reminded that any claims lacking sufficient factual support will be subject to dismissal, and **no further amendments will be permitted**. Moreover, Petitioner must sign his Amended Petition under penalty of perjury as instructed, and failure to commit allegations under penalty of perjury shall be viewed as an attempt to raise claims without sufficient factual support. Finally, exceeding the 20-page limit, absent prior leave of Court, may result in this Court striking the entire pleading or otherwise not considering any arguments on the ensuing pages.

5. On or before **October 21, 2026**, Petitioner shall either pay the Clerk's filing fee of $5.00 or, in the alternative, file a legally sufficient IFP Motion that satisfies Rule 3(a)(2) of the Rules Governing § 2254 Cases, as instructed in this Order. Failure to either timely pay the filing fee or file a legally sufficient IFP Motion will result in dismissal of the Petition. The Clerk is **INSTRUCTED** to send Petitioner a copy of the Court's form titled "Application to Proceed in District Court Without Prepaying Fees or Costs."

6. This case shall be **administratively CLOSED**. The Court will reopen the case upon Petitioner's filing of the Amended Petition and his payment of the filing fee or the filing of a legally sufficient IFP Motion. As previously warned, failure to comply with any portion of this Order will result in the Court dismissing this action pursuant to FED. R. CIV. P. 41(b).

**DONE AND ORDERED** in Miami, Florida, this 8th day of October, 2026.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc: Alexis Mendez Gonzalez, *pro se*